## ST. JOE PAPER CO. v. TAX ASSESSOR, et al.
### No. 20673.
Circuit Court, Leon County.

November 15, 1966.

Ford L. Thompson of Starry & Thompson, Tallahassee, for plaintiff.

J. Klein Wigginton and Leo Foster of Parker, Foster & Madigan, Tallahassee, for the defendant tax assessor.

F. E. Steinmeyer, III, Tallahassee, for the defendants tax collector, county commissioners and state comptroller.

C. DuBose Ausley and John C. Ausley of Ausley, Ausley, O'Bryan, Michael & McGehee, Tallahassee, for the defendant Florida Power.

HUGH M. TAYLOR, Circuit Judge.

*Final decree:* This cause came on for final hearing upon due notice to all parties upon the complaint of the plaintiff, in which it was alleged by the plaintiff that the valuation established by the defendant tax assessor, John Brown, for the year 1965 were far in excess of the 100% just value of plaintiff's owned and leased property for agricultural purposes. Cases numbered 19897, relating to the 1964 assessed valuations, and 20673, relating to the 1965 assessed valuations, both being styled as above, were consolidated for the purpose of hearing such testimony and receiving such proof as submitted by the parties.

Section 193.11(3), Florida Statutes 1965, requires that land classified as agricultural land and given the benefits of this statutory provision be valued upon the basis of the land's fair market value or full cash value, said terms being synonymous, based upon the condition of each section of land that is being valued, and that the value be the value that a ready and willing seller and a ready and willing buyer would agree to be the value of the land for use as agricultural land. In other words, the land must be valued at its highest and best value for agricultural purposes and not merely for the agricultural purpose for which it has been and is being used, bona fide, during the tax year involved. It should be valued as though there were a restrictive covenant permanently limiting its use for agricultural purposes, and that what a willing buyer and a willing seller would agree upon under those circumstances would constitute the land's full cash value.

It is the court's determination and opinion that each parcel of land must be assessed or valued in a certain year on a section by section basis, and each one must stand on its own. Each parcel of land and the land of one ownership in each section standing as a parcel must be assessed at the value of that particular land, what a willing buyer and a willing seller would agree upon as to that particular land. The value of the land includes the value of the trees standing on the land and if the land has on it standing timber of substantial value, that standing timber must be taken into account in determining the value of the land. If the land is cut over and there is no timber on it, then the absence of timber is a factor or the small size of the timber may be a factor that the willing buyer and seller would consider in agreeing upon a value for the land.

We cannot follow the statutes of Florida and assess this land on a theoretical basis. We cannot lump together all of the land owned by one large landowner and determine an average value

per section and spread that over the entire lands. It is not contemplated by our laws that we should lump together many thousands of acres and reach an average value of these sections for the purposes of taxation and particularly where we have, as here, land under different ownership, one a lease and the other a fee ownership.

The court finds that the process or method used by the plaintiff's witnesses for the establishment of the taxable value of the plaintiff's owned and leased forestry lands by their version of the income approach while ignoring the value of standing timber, is not a sufficient basis, standing alone, for the valuation of forestry property and, therefore, the plaintiff has failed to establish a prima facie case as to the alleged excessive assessments for the year 1965 on the plaintiff's owned and leased forestry and timber lands which is the subject matter of this litigation.

Further, this court heard and considered extensive testimony of experts regarding their opinions as to the value of the Southwood Farm agricultural property owned by the plaintiff.

Therefore, it is considered, ordered, adjudged and decreed —

(1) That this court finds in favor of the defendants as to the assessments for the year 1965 set by the defendant, John Brown, on all forest and timberland properties owned or leased by the plaintiff and the subject matter of this litigation.

(2) That as to the properties owned by the plaintiff and shown as Southwood Farm, the defendant tax assessor is ordered to adjust all assessments of acreages for the year 1965 in excess of $300 per acre to that figure, and to leave undisturbed those assessments of acreages which were shown on the 1965 tax rolls to be less than $300 per acre.